Ruffin, Chief-Justice
 

 We do not think it necessary to examine into the merits of the settlement between the husband and
 
 Dawson:
 
 For however the validity of an assignment by the husband of the wife’s legal or equitable
 
 chose
 
 in action might depend upon its consideration, when set up in opposition to her right by sur-vivorship to the subject then outstanding, the husband may certainly at law, release, without consideration, to the wife’s debtor, and also in equity7, unless she has a right in this court to have her equitable
 
 dioses
 
 set apart as a separate provision for her and her family.— This case is brought to tiiat point, on which the Court is more ready to place it, because the case of
 
 Bryan
 
 v
 
 Bryan, (ante
 
 1
 
 Vol. p. 47,)
 
 has been supposed in argument not to Jay down the rule then adopted,as a general «rinciiilc. We have considered that case, and although 1 ° some exceptions are supposed by Chief Justice
 
 Taylor, arguendo,
 
 to be under certain circumstances admissible,' yet no case can be supposed which could more cmpiiat-ically call for the interposition of the court,tiian the one then under consideration. The husband was insolvent, and bad made no settlement on the wife, but had converted a larger part of the proceeds of her real estate, and she had been bred in affluence, and bad brought into the family a large fortune. This was admitted by the counsel for the defendant to bo an irresistible case, if the equity of the wife raised by the British courts was to be acknowledged in ours, and it seems to us that the admission was not inadvertent or beyond the truth. Yet the Court refused the relief, and that not upon tbe ground that the husband had released or disposed of the wife’s interest by assignment, but that
 
 Sellers
 
 who held the fund, was a creditor of the husband to a larger amount than her share. The judgment of the court, therefore, went as far as it could do to establish the general principle:
 
 *385
 
 and \vc know that the other Judges who then sat in the court intended to adopt the rule then acted on, universally, as being appropriate to the habits oí our people, and the state of our society, and a necessary result from the indefeasible interest given by our law to the wife, in the personal estate of the husband.
 

 The same may be said of the case before us, that the merits of the wife are great, and the demerits of the husband glaring, and that the court would protect her, if we could in any case intercept the exercise of the marital rights of the husband. But the authority of the decision in
 
 Bryan
 
 v.
 
 Bryan,
 
 is conclusive against it, and therefore the petition must be dismissed, and the sum raised on the execution and now in court, refunded to the defendant.
 

 Per Curiam. — Dismiss the petition.